IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

EVA A. CHAVEZ,

    Plaintiff,

  vs.                            CIVIL NO. 97-1606 DJS/RLP

 PLASTECH CORPORATION,

    Defendant.

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiff's Motion for Leave to File Second Amended Complaint filed August 12, 1998. Defendant's response and Plaintiff's reply were also filed on that date.  Plaintiff is seeking from the Court an order allowing leave to file a Second Amended Complaint which corrects two erroneous dates and specifically prays for an award of punitive damages. Defendant consents to the correction of two erroneous dates but opposes the amendment asking for an award of punitive damages. Plaintiff's Motion is well taken and shall be granted.

Rule 15(a) of the Federal Rules of Civil Procedure states that leave to amend shall be "freely given when justice so requires." "The decision to [allow] amend[ment of] the pleadings...lies within the sound discretion of the district court." Clayton v. Tansy, 26

1

F.3d 980, 982 (10th Cir. 1993).  The Court may disallow amendment for various reasons including "undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, [and] futility of amendment."  Frank v. U.S. West, Inc., 3 F.3d 1357, 1365 (10th Cir. 1993).

The Tenth Circuit has not ruled on whether there are special pleading provisions for a punitive damage claim in the federal rules.  Some courts have held that Fed.R.Civ.Pro. 9(g) which states that "[W]hen items of special damages are claims, they shall be specifically stated." applies to a claim for punitive damages.  Comeau v. Rupp, 762 F. Supp. 1434, 1449 (D. Kan. 1991); Citron v. Armstrong World Industries, Inc., 721 F. Supp. 1259, 1261 (S.D. Fla. 1989).  Others have held that Rule 9(g) does not apply to a claim for punitive damges.  Nelson v. G.C. Murphy Co., 245 F. Supp. 846, 847 (N.D. Ala. 1965).  In looking at the purpose behind the rule which is to inform "defending parties as to the nature of the damages claim in order to avoid surprise", Plaintiff's complaint meets the intent of Rule 9(g) .  Great American Indemnity Co. v. Brown, 307 F.2d 306, 308 (5th Cir. 1962).  Further, Plaintiff's claim for punitive damages was sufficiently plead to meet the notice requirements of Fed. R. Civ. P. 8(a).  Paragraph 19 of the Fist Amended Complaint alleges that Defendant's unlawful employment practices "were intentional" and Paragraph 20 alleges that the "Defendant acted with malice or reckless indifference to the

2

federally protected rights of the Plaintiff..."

Further, Plaintiff put Defendant on notice of its intent to seeking punitive damages on June 26, 1998.  There is no evidence of bad faith or dilatory motive in this delay.  Plaintiff's counsel states that the delay was an oversight.  Defendant claims it would be prejudiced by this delay because "it deprives Plastech of its strategic planning for this case based on the reasonable expectation that this case has never included a claim for punitive damages." Response, p. 3.  As the Court noted above, Defendant was on notice that Plaintiff intended to claim punitive damages on June 26, 1998.  This notice was given well in advance of the completion of Plaintiff's deposition.  Further, as of June 26, 1998 Defendant had not undertaken any written discovery to Plaintiff.  The discovery deadline is October 12, 1998.  Defendant was on notice that Plaintiff would make a claim for punitive damages during most of the discovery in this case.  Further, the Court notes there is no trial setting and a limited extension of the pre-trial deadlines would alleviate any prejudice perceived by the Defendant.

Defendant further argues that Plaintiff's Motion should be denied because Plaintiff's proposed amendment is futile because the facts does not support a claim for punitive damages.  "Amendments should be denied on [the basis of futility] only if they assert clearly frivolousness claims or defenses." Buder v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 644 F.2d 690, 695 (8th Cir. 1981). In this case there is a factual disagreement.  Plaintiff claims that

3

she was terminated prior to a neurological evaluation.  Defendant claims that Plaintiff declined a neurological evaluation.  The evidence presented raises issues that cannot be resolved at this stage of the proceedings.  In such circumstances it cannot be said that the proposed amendment is frivolous.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** that Plaintiff's Motion for Leave to File Second Amended Complaint is granted and Plaintiff shall file her Second Amended Complaint within five days of entry of this order.

_____
**DON J. SVET**
**UNITED STATES MAGISTRATE JUDGE**

4